

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00247-CR, 07-14-00248-CR

---

MAURICE SEAN WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 58,709-E, 61,097-E; Honorable Douglas Woodburn, Presiding

---

March 6, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Asserting his trial counsel rendered ineffective assistance, appellant Maurice Sean White appeals his conviction and sentence in case number 07-14-00247-CR (trial court cause number 58,709-E) for assault against a public servant[1] and in case number 07-14-00248-CR (trial court cause number 61,097-E) for assault on a family member,

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014).

prior conviction.[2]  Finding appellant's issue unsupported by the record, we will affirm the judgments in both cases.

## Background

According to the terms of a plea bargain agreement in case number 58,709-E the trial court found appellant guilty of assault on a public servant, sentenced him to ten years' confinement in prison, and probated the sentence to six years' community supervision.  Appellant received an identical sentence in cause number 61,097-E for the charge of assault on a family member with one or more prior convictions.

The State subsequently moved to revoke appellant's community supervision in both cases, alleging appellant had used cocaine and failed to complete the SAFPF treatment plan.

The trial court heard both motions in a single hearing.  Appellant plead true to the allegations in both motions.  Appellant's probation officer testified that appellant had used cocaine and failed to complete the SAFPF program.  The court revoked appellant's community supervision in each case and sentenced him to concurrent sentences of ten years' confinement in prison.

## Analysis

Through a single issue, appellant asserts his counsel at the revocation hearing rendered ineffective assistance in that she erroneously advised him that the maximum available prison sentence on revocation was six years.  Appellant explains he was

---

[2] TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2014).

prejudiced by counsel's ineffectiveness because if he had known the maximum sentence of confinement was ten years rather than six years he would not have made an open plea allowing the court to set punishment, but would have accepted an undisclosed plea bargain offer allegedly extended by the State.

The Supreme Court's opinion in *Strickland v. Washington* directs our analysis of an ineffective assistance of counsel claim. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see Strickland,* 466 U.S. at 689 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); *see Strickland,* 466 U.S. at 688; *Stafford v. State,* 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Absent evidence of counsel's reasons for the challenged conduct, we will not conclude it constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The Court in *Strickland* established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires an appellant to demonstrate counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the appellant. 466 U.S. at 687; *see Hernandez v.*

*State,* 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986) (applying *Strickland* standards under Texas Constitution).

Appellant's contention on appeal is based on a statement his counsel made after the trial court pronounced sentence. The record reflects the following exchange:

| | |
|---|---|
| [Defense Counsel]: | Your honor, I believe his sentence was 6 years in the original sentence. He was placed on probation for 10 years and sentenced to 6 years. Am I wrong? |
| The Court: | All right. |
| [The Prosecutor]: | Yeah—Its 10 years probated for 6, so there's a 10 year sentence with a 6 year probation. |
| The Court: | That's right. That's Correct. |
| [Defense Counsel]: | Thank you. |

Appellant argues his counsel's statement demonstrates she misunderstood the maximum punishment range available for sentencing. Based only on that foundation, he contends she erroneously told him the maximum prison sentence on revocation would be six years rather than ten, leading him to reject the State's plea offer.

Appellant's contention founders on the requirement that claims of ineffectiveness of counsel must be firmly rooted in the record. His assertion his lawyer misrepresented the maximum prison sentence appears only in his brief. The record before us contains no motion for new trial or other post-trial motion containing such an assertion, nor any affidavit of appellant, his trial counsel or anyone else with knowledge stating that any such misrepresentation was made to appellant. Counsel's misstatement to the trial court does not translate into evidence of wrong advice to appellant. This is particularly so because of the several statements appearing in the record that the maximum prison

4

sentence was ten years. In plea papers signed prior to the hearing, appellant acknowledged he could be sentenced up to that which he was originally sentenced on his guilty plea. And on cross-examination during his revocation hearing testimony appellant agreed he was sentenced in 2010 "to ten years in jail, but that was probated for 6 years." He agreed also that when his community supervision was modified in 2012, he "had a 10-year sentence hanging over [his] head in 2012, just like in 2010." Appellant's assertion he was misadvised by his lawyer that the maximum sentence was six years is not supported by the record. His claim he was deprived of reasonably effective assistance of counsel does not meet the first prong of the *Strickland* standard.

Nor does appellant's contention satisfy the prejudice prong of the *Strickland* test. To establish prejudice, a party asserting rejection of a plea-bargain offer because of incorrect legal advice must demonstrate a reasonable probability that he would have accepted the offer had counsel not rendered ineffective assistance, the prosecution would not have withdrawn the offer, and the court would not have refused to accept the offer. *Ex parte Argent,* 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Appellant has not satisfied these requirements. Indeed he cannot on the present record as it does not contain proof of the substance of counsel's allegedly erroneous advice, the terms of the plea-bargain offer appellant allegedly declined, and presentation of the offer to the trial court. *See Piland v. State,* __ S.W.3d__, No. 06-14-00063-CR, 2014 Tex. App. LEXIS 13437, at *5-6 (Tex. App.—Texarkana Dec. 17, 2014, n.p.h.) (finding on direct appeal no showing the trial court would have accepted a specified plea agreement).

5

## Conclusion

Appellant has not shown that his counsel's representation fell below an objective standard of reasonableness, or that he was prejudiced by trial counsel's deficient representation. We overrule his sole issue on appeal and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.